UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOULTRIE, n/k/a/
MUJAHID LATIF,

    Petitioner,

    v.

DEBRA SCUTT

    Respondent.
    _____/

CASE NO. 2:09-CV-11543
JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE PAUL KOMIVES

# REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #7)

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #7). If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner John Moultrie, now known as Mujahid Latif, is a state prisoner confined at G. Robert Cotton Correctional Facility in Jackson, Michigan. Petitioner is serving a sentence of life imprisonment imposed as a result of his 1982 state court conviction for second degree murder. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted of second degree murder following a jury trial in the Calhoun County Circuit Court. On May 17, 2002, the Court imposed its sentence.

- Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals, raising claims of insufficient evidence, prosecutorial misconduct, and improper sentence. The court of appeals affirmed petitioner's conviction on April 18, 1984. *See People v. Moultrie*, No. 65589 (Mich. Ct. App. Apr. 18, 1984).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On November 20, 1984, petitioner's application for leave to appeal was denied in a standard order. *See People v. Moultrie*, No. 74124 (Mich. Nov. 20, 1984).

- On May 30, 1985, petitioner filed a *pro se* delayed application for leave to appeal, attempting to raise two additional issues, namely, untimely preliminary examination and related ineffective assistance of counsel claims. On November 7, 1985, the court of appeals denied petitioner's application for leave to appeal. *See People v. Moultrie*, No. 85248 (Mich. Ct. App. Nov. 7, 1985).

- On January 12, 2007, petitioner, through counsel, filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509, raising claims of destruction of exculpatory evidence, ineffective assistance of trial and appellate counsel, and instructional error. The trial court denied the motion on March 28, 2007. *See People v. Moultrie*, No. 1981-264-F (Calhoun County, Mich., Cir. Ct. Mar. 28, 2007).

- Petitioner sought leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application in a standard order on October 23, 2007. *See People v. Moultrie*, No. 277425 (Mich. Ct. App. Oct. 23, 2007).

- Petitioner thereafter sought leave to appeal in the Michigan Supreme Court. That court denied petitioner's application for leave to appeal in a standard order on April 28, 2008. *See People v. Moultrie*, 480 Mich. 1187, 747 N.W.2d 277 (2008).

On April 24, 2009, petitioner, through counsel, filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. As grounds for the writ, petitioner raises the following claims:

I. THE PETITIONER WAS DENIED HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT [RIGHTS] TO A FAIR TRIAL WHEN THE TRIAL COURT: (1) FAILED TO INSTRUCT THE JURY ON FIRST AND SECOND DEGREE MURDER AND INVOLUNTARY MANSLAUGHTER, (2) PERSONALLY VOUCHED FOR THE PROSECUTION'S AGENTS' DESTRUCTION AND LOSS OF MATERIAL EVIDENCE, AND (3) FAILED TO DISMISS THE CASE ONCE THE PROSECUTION'S AGENTS ADMITTED PERJURING THEMSELVES THUS A MANIFEST INJUSTICE HAS OCCURRED AND THE ERRORS WERE NOT HARMLESS.

II. THE PROSECUTION AND ITS AGENTS ENGAGED IN FLAGRANT MISCONDUCT DEPRIVING THE PETITIONER OF HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS WHEN THE PROSECUTION AND ITS AGENTS: (1) INTENTIONALLY DESTROYED MATERIAL EVIDENCE TO THE CASE, (2) INTENTIONALLY MISHANDLED CRITICAL BLOOD-SAMPLES, (3) COMMITTED FRAUD UPON THE COURT, AND (4) FAILED TO FULLY INVESTIGATE THE CASE RESULTING IN MANIFEST INJUSTICE.

III. PETITIONER WAS CONSTRUCTIVELY DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL: (1) FAILED TO CONDUCT MEANINGFUL INVESTIGATION OF THE CASE; (2) FAILED TO INTERVIEW MATERIAL WITNESSES; (3) FAILED TO COMPEL DISCOVERY CRITICAL TO THE DEFENSE; (4) [FAILED TO PRODUCE] MATERIAL WITNESSES TO IMPEACH THE PROSECUTION'S CASE, (5) FAILED TO RENEW HIS REQUEST FOR THE MISSING EVIDENCE AND LOSS OF NOTES, (6) FAILED TO INVESTIGATE THE CIRCUMSTANCES OF THE VICTIM'S DEATH, AND (7) FAILED TO EMPLOY ALL AVAILABLE LEGAL DEVICES AND EXPERT ASSISTANCE.

IV. THE PETITIONER'S SIXTH AMENDMENT RIGHTS TO THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WAS VIOLATED WHERE APPELLATE COUNSEL: (1) FAILED TO RAISE THE ISSUES RAISED IN THE JANUARY 2007, MOTION, (2) FAILED TO CONDUCT MEANINGFUL INVESTIGATIONS CONCERNING THE DESTRUCTION OF CRITICAL MATERIAL EVIDENCE, AND (3) WHEN THERE ARE WINNING ISSUE(S) THAT WOULD HAVE WARRANTED RELIEF HAD THE DIRECT APPEAL BEEN EFFECTIVELY PRESENTED, THE COUNSEL ACTS IN A PROFESSIONALLY UNREASONABLE MANNER AND DEFENDANT IS PREJUDICED.

Respondent filed a motion for summary judgment on November 6, 2009, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on November 30, 2009. For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B. *Analysis*

1. *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[1]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claims asserted in petitioner's habeas application do not implicate subparagraphs (B) through (D), and petitioner does not contend that any of these provisions is applicable here. Thus the commencement date established by subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

---

[1] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

4

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
>
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded in 1985, well before the adoption of the AEDPA limitations provision. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his application until April 24, 2009, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on January 12, 2007. By this time, however, the limitations period had been expired for nearly ten years. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). This state court proceeding therefore had no tolling effect and petitioner's habeas application is untimely. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.); *Neal v. Bock*, 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001) (Lawson, J.).

2. *Petitioner's Arguments*

Petitioner raises a number of arguments against a finding that his application is untimely. First, in the habeas application itself, petitioner suggests that he is entitled to equitable tolling. Petitioner argues that he had "no knowledge of the law or filing requirement's rules" and cites to *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), an equitable tolling case. *See* Pet., at 43. The Court should reject this argument.

To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he

6

is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner has failed to point to any extraordinary circumstance which prevented timely filing. Petitioner's *pro se* status and lack of knowledge of the law provide no bases for equitable tolling. The Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.).

Petitioner also suggests, although he does not explicitly argue, that he is entitled to a delayed starting of the limitations period under § 2244(d)(1)(D), because he "could not have known the predicate of his claim without a professional advice of counsel." Pet., at 44. Section 2244(d)(1)(D) requires a court "to review the 'factual predicate' of petitioner's claims and determine whether they could have been discovered prior to when his conviction became final." *Sierra v. Evans*, No. 98-6040, 1998 WL 712578, at *2 (10th Cir. Oct. 13, 1998). Further, this provision "does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999). In short, the operative inquiry is whether the facts themselves, rather than the legal import of or evidence supporting them, could not have been discovered through the exercise of reasonable diligence. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (Gadola, J.); *Hereford v. McCaughtry*, 101

7

F. Supp. 2d 742, 745 (E.D. Wis. 2000). Petitioner does not suggest, either in his habeas application or his reply brief, that the facts were unavailable to him earlier. Rather, he is essentially arguing that he did not know the legal import of those facts. This is insufficient to entitle petitioner to a delayed starting under § 2244(d)(1)(D).

Petitioner also suggests that the limitations period is simply inapplicable to his claims because applying the limitations period would result in a miscarriage of justice and his constitutional rights "can neither be waived nor abrogated." Pet., at 45. This argument is without merit. The very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc).

Finally, in his reply brief, petitioner argues that the Michigan Court Rules relating to motions for relief from judgment do not provide an effective corrective process for a defendant to pursue claims that appellate counsel was ineffective. Citing to 28 U.S.C. § 2254(b)(1)(B), petitioner contends that this absence of an available corrective process authorizes the Court to grant relief. This argument is likewise without merit. Section § 2254(b)(1)(B) allows a court to grant relief notwithstanding a petitioner's failure to exhaust state court remedies. It has nothing whatsoever to do with the limitations period, and does not provide an exception to the statute of limitations set forth in § 2244(d). *See United States ex rel. Brown v. Battles*, No. 01 C 284, 2001 WL 811658, at

*1 (N.D. Ill. July 18, 2001) ("Even if Brown could establish a basis under § 2254(b)(1)(B) excusing him from exhausting state remedies, his petition for habeas corpus would still have to comply with the one year period of limitation imposed by 28 U.S.C. § 2244(d)(1)."). Even if a motion for relief from judgment is not an effective process for challenging the effectiveness of appellate counsel, this fact would merely allow a finding that exhaustion or that petitioner's failure to follow a state procedural rule is excused. It simply has no bearing on whether petitioner complied with the statute of limitations. Accordingly, the Court should reject petitioner's arguments and conclude that the application is untimely.

C. *Recommendation Regarding Certificate of Appealability*

    1. *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial

showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id*., advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. As noted above, the state court record and petitioner's habeas application make clear that petitioner's application is not timely under § 2244(d), and petitioner does not dispute that he failed to comply with the limitations provision. The resolution of petitioner's equitable tolling argument is not reasonably debatable in light of the courts' uniform rejection of claims for equitable tolling based on a petitioner's *pro se* status and lack of knowledge of the law. Likewise, the resolution of petitioner's argument based on § 2254(b)(1)(B) is not debatable in light of the fact that § 2254(b)(1)(B), but its terms, excuses exhaustion, not untimeliness. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

D.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition. If the Court accepts this recommendation, the Court should deny a certificate of appealability..

11

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 5/21/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on May 21, 2010.
>
>                               s/Eddrey Butts
>                               Case Manager