UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOULTRIE, n/k/a
MUJAHID LATIF,

        Petitioner,                         Case No. 09-11543
                                                         HON. GEORGE CARAM STEEH

vs.


DEBRA SCUTT,

        Respondent.
_____/

ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION [Dkt.#11], GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT [#7] DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

I. INTRODUCTION

On May 21, 2010, Magistrate Judge Paul Komives filed a report and recommendation recommending that the court grant respondent's motion for summary judgment, deny petitioner's petition for a writ of habeas corpus as untimely under the one year statute of limitations set forth in § 2244(d)(1) and deny a certificate of appealability.

On May 29, 2010, petitioner filed a motion for an extension of time to file his objections to the magistrate judge's report and recommendation. The court granted petitioner's motion for an extension of time on June 2, 2010. On July 6, 2010, petitioner filed his objections to the report and recommendation. Upon review of the parties' briefs, the report and recommendation, and petitioner's objections, the court concludes that the

magistrate judge reached the correct conclusion for the proper reasons. Petitioner's petition for a writ of habeas corpus is denied and a certificate of appealability shall not issue in this matter.

## II. ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

The magistrate judge correctly concluded that petitioner's petition for a writ of habeas corpus is untimely. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (1996), a one year statute of limitations applies to all applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Because petitioner's conviction became final prior to the enactment of the AEDPA, he had one year from the effective date of the AEDPA, April 24, 1996, to file his § 2254 petition. *Cook v. Stegall*, 295 F. 3d 517, 519 (6th Cir. 2002). Therefore, petitioner had until April 24, 1997 to file his habeas petition. Petitioner did not file his habeas petition until April 24, 2009. Accordingly, his petition for a writ of habeas corpus must be dismissed as barred by the statute of limitations unless the limitations period was tolled.

Under § 2244(d)(2), the period of limitation is tolled during the time that a properly filed post-conviction motion is pending in state court. 28 U.S.C. § 2244(d)(2). "[T]he time

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . shall not be counted toward any period of limitations under this subsection." *Walker v. Smith*, 360 F. 3d 561, 563 (6th Cir. 2004) (citing 28 U.S.C. § 2244(d)(2)). However, this tolling provision does not save petitioner's habeas petition from dismissal because he did not file his state post-conviction petition until January 12, 2007, when the statute of limitations had already expired under § 2244(d)(1). A state post-conviction motion or petition may only serve to toll the limitations period if it is filed prior to its expiration. *See Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like [petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *see also, Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004).

Further, the magistrate judge correctly found that petitioner is not entitled to equitable tolling, which requires petitioner to show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner has failed to establish any extraordinary circumstance which prevented him from timely filing his habeas corpus petition. Petitioner's lack of knowledge of the filing deadline set forth in the AEDPA does not equate to an extraordinary circumstance justifying equitable tolling. *See Allen v. Yukins*, 366 F. 3d 396, 403 (6th Cir. 2004) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); *see also, Lattimore v. DoBois*, 311 F. 3d 46, 55 (1st Cir. 2002).

Additionally, petitioner's failure to know the legal import of the facts supporting his claims does not entitle him to tolling of the limitations period. *See Brooks*, 307 F. Supp. at 906 ("It is the actual or putative knowledge of the pertinent facts of a claim that starts the

clock running.") Petitioner does not argue that he lacked actual or putative knowledge of the facts supporting his claim, nor does a review of the record demonstrate that the facts were unavailable to him until 2009. Therefore, petitioner is not entitled to equitable tolling.

In his objection to the magistrate judge's report and recommendation, petitioner argues that because the state court acknowledged the late filing of his state post-conviction petition and went on to address the merits of his claims, the state court's decision "effectively removed any procedural bar." Citing to *Abela v. Martin*, 380 F. 3d 915, 921 (6th Cir. 2004), petitioner claims that the magistrate judge incorrectly concluded that his habeas corpus petition is untimely. Petitioner's reliance on *Abela* is misplaced as that case dealt with the doctrine of procedural default, which applies to bar federal court review of a petitioner's claims when the state court denies those claims because the petitioner failed to meet an independent and adequate state procedural rule*. See Coleman v. Thompson*, 501 U.S. 772 (1991); *see also, Abela v. Martin*, 380 F. 3d 915, 921 (6th Cir. 2004) ("[W]hen a state prisoner has 'defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred . . . .'"). The doctrine of procedural default has no bearing on whether petitioner complied with AEDPA's statute of limitations.

Petitioner also objects to the manner in which the magistrate judge construed his argument relating to his ineffective assistance of appellate counsel claim. Petitioner maintains that he was not arguing that Michigan's state post-conviction procedure fails to provide an effective remedy for such a claim. Rather, petitioner asserts since his first opportunity to raise ineffective assistance of appellate counsel was during state post-conviction proceedings, this claim should be considered as a direct review claim thereby

restarting the limitations period. This argument has been squarely rejected by the Sixth Circuit Court of Appeals. *See Allen v. Yukins*, 366 F. 3d at 401 ("[A] state post conviction review claiming ineffective assistance of appellate counsel tolls, but does not restart AEDPA's one-year statute of limitations.") This objection is likewise without merit.

Lastly, the magistrate judge correctly found that petitioner is not entitled to a certificate of appealability. Before petitioner may appeal the court's decision denying his petition for a writ of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3)(B); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's claims, a certificate of appealability should issue if the petitioner shows, "[t]hat jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both prongs of this test must be satisfied. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. " *Id.* Petitioner is not entitled to a certificate of appealabiltiy.

## III. CONCLUSION

For the reasons set forth above, Magistrate Judge Paul Komives' May 21, 2010 report and recommendation is ACCEPTED and ADOPTED as this court's conclusions of law.

Respondent's motion for summary judgment is GRANTED.

Petitioner's petition for a writ of habeas corpus is DENIED and this cause of action is dismissed.

A certificate of appealability shall not issue.

Leave to proceed *in forma pauperis* on appeal is denied. *See* Fed. R. App. P. 24(a)(3)(A).

SO ORDERED.

Dated: September 15, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 15, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---