UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MOULTRIE, n/k/a
MUJAHID LATIF

       Petitioner,                              Case No. 09-CV-11543
                                                   HON. GEORGE CARAM STEEH

vs.


DEBRA SCUTT,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [#16]

Before the court is petitioner's motion for relief from judgment. On September 15, 2010, this court accepted and adopted the magistrate judge's report and recommendation, denied petitioner's petition for a writ of habeas corpus, denied the issuance of a certificate of appealability, and denied petitioner leave to proceed *in forma pauperis* on appeal. *See* Dkt. No. 15.

Petitioner brings the present motion pursuant to Federal Rule of Civil Procedure 60(b)(6) arguing that he is entitled to relief from this court's judgment. Federal Rule of Civil Procedure 60(b) allows a party relief from judgment, order or other proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence, that, with reasonable diligence, could have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,

-1-

> or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6). Petitioner moves for relief from judgment pursuant to Rule 60(b)(6), which may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* (internal citations and quotations omitted). Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment. Petitioner merely re-raises a previous argument already reviewed and rejected by this court.

Petitioner's petition for a writ of habeas corpus was untimely filed pursuant to the applicable statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Petitioner's argument that Michigan Court Rule 6.500 *et seq.* does not provide a corrective process for claims of ineffective assistance of appellate counsel is relevant only to the question of whether he exhausted his claim. Even if it were true that M.C.R. 6.500 *et seq.* fails to provide a corrective process for ineffective assistance of appellate counsel claims, this would only excuse petitioner's failure to exhaust his claim, it provides no exception to the limitations period set forth in § 2254(d). *See* 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion excused when

"circumstances exist that render such process ineffective to protect the rights of the applicant."); *see also, U.S. ex rel. Brown v. Battles*, no. 01-c-284, 2001 WL 811658, *1 (N.D. Ill. July 18, 2001). Furthermore, it is simply inaccurate for petitioner to claim that M.C.R. 6.500 *et seq.* does not provide a corrective process to redress his alleged ineffective assistance of counsel claim. A motion filed pursuant to M.C.R. 6.500 *et seq.* is the first opportunity for Michigan prisoners to raise a claim of ineffective assistance of appellate counsel in the Michigan courts. *See Tucker v. Renico*, 317 F. Supp. 766, 773 (E.D. Mich. 2004). In fact, the drafters of proposed rule M.C.R. 6.508 specifically addressed ineffective assistance of appellate counsel claims as a basis to excuse a petitioner's failure to raise a claim on direct review. *See People v. Reed*, 449 Mich. 375, 389 (Mich. 1995). Petitioner has not presented any extraordinary circumstance that would justify relief from this court's judgment.

Accordingly,

Petitioner's motion for relief from judgment is DENIED.

Dated: October 6, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 6, 2010, by electronic and/or ordinary mail and to John Moultrie #169151 at G. Robert correctional Facility, 3510 N. Elm St., Jackson, MI 49201.

S/Josephine Chaffee
Deputy Clerk